UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| Khahn Pham, | |
| Plaintiff, | Civil Action No.: _____ |
| v. | |
| Clear Screening Technologies LLC dba Clear Checks; Aeva Specialty Pharmacy, | **COMPLAINT** |
| Defendants. | |

For this Complaint, Plaintiff, Khahn Pham, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Khahn Pham ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant, Clear Screening Technologies LLC dba Clear Checks ("Clear Screening"), is a Colorado business entity with an address of 5910 S University Blvd., Unit 336, Greenwood Village, Colorado 80121.  Clear Screening is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u).  Clear Screening is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as

defined by 15 U.S.C. § 1681(a)(d), to third parties.

5. Defendant, Aeva Specialty Pharmacy ("Aeva"), is a Nevada business entity with an address of 6280 S Valley View Blvd., #732, Las Vegas, Nevada 89118. Defendant Aeva "provides high-quality medications to its local community." It uses "consumer reports" for "employment purposes," as those terms are defined by 15 U.S.C. § 1681a(d) and (h). Aeva takes "adverse actions," as that term is defined by 15 U.S.C. § 1681a(k), based on consumer reports. Aeva took adverse action against Plaintiff from its office in Las Vegas, Nevada.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In or around August 2020, Plaintiff applied for a position as a Pharmacist at Aeva.

7. On or about August 12, 2020, Plaintiff received a conditional offer of employment from Aeva, pending a background check.

8. On or about August 12, 2020, Aeva submitted Plaintiff's information to Clear Screening for a routine background screening report.

9. Clear Screening performed the background screening report (the "Report"), which included a criminal records search, and furnished the results to Aeva on or about August 13, 2020.

10. The Report erroneously indicated that Plaintiff was charged with a federal crime in July 2018, in California.

11. Plaintiff was never charged with a federal crime.

12. Immediately upon Aeva's receipt of the Report, Aeva revoked its conditional offer of employment to Plaintiff on August 13, 2020.

13. Aeva did not give Plaintiff notice ahead of such adverse action.

14. Aeva did not provide Plaintiff with a copy of the Report or summary of his rights

under the FCRA prior to its adverse action.

15. Aeva deprived Plaintiff of a meaningful opportunity to contest the inaccurate information in the Report and caused immediate harm to Plaintiff.

16. Thereafter, Clear Screening advised Plaintiff that Aeva should have provided Plaintiff with a pre-adverse action notice.

17. On or around August 18, 2020, after Avea took adverse action against Plaintiff, Aeva e-mailed Plaintiff a copy of the Report containing the inaccurate criminal history.

18. Plaintiff noticed the mistake on the Report instantly, as the federal charge belonged to "Khanhloc Pham."

19. Plaintiff's first name is not Khanhloc. Plaintiff's first name is Khanh.

20. Plaintiff called Clear Screening and disputed the inaccuracy in the Report.

21. Plaintiff located the court case for the individual Khanhloc Pham, which verified that the person with a criminal record has a different first name than Plaintiff and is located in California, a state where Plaintiff has never lived.

22. The individual with the criminal record was born in 1977.

23. Plaintiff was born in 1978.

24. On or about August 18, 2020, Clear Screening told Plaintiff that his Report had been corrected and sent the corrected Report to Aeva.

25. Clear Screening e-mailed Plaintiff a copy of the corrected Report.

26. The inaccurate report provided by Clear Screening contained damaging information to Plaintiff's character and reputation.

27. In addition to having the conditional offer of employment revoked by Aeva, which prevented Plaintiff from working, Plaintiff has suffered actual damages in the form of

harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

28. Clear Screening failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Aeva.

29. As a direct result of Defendants' actions, Plaintiff suffered harm in the form of lost wages and emotional distress.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681o - AS TO DEFENDANT CLEAR SCREENING

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

32. Clear Screening violated §§ 1681e(b) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

33. These failures directly caused the termination of Plaintiff's position with Aeva, which has damaged Plaintiff.

34. As a result of Clear Screening's violations of §§ 1681e(b) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II
## WILLFULL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681o - AS TO DEFENDANT CLEAR SCREENING

35. Plaintiff incorporates by reference all of the above paragraphs of this complaint as

though fully stated herein.

36. Clear Screening violated §§ 1681e(b) of the FCRA by willfully and recklessly failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by willfully and recklessly failing to verify the accuracy of the information contained in its report.

37. Clear Screening's willful and reckless actions directly caused Aeva to rescind Plaintiff's employment offer and caused economic and emotional harm to Plaintiff, entitling Plaintiff to an award for actual damages, statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681n.

## COUNT III
## WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681n - AS TO DEFENDANT AEVA

38. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

39. 15 U.S.C. § 1681b provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates-- (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title." 15 U.S.C. § 1681b(b)(3)(A).

40. In order to comply with the FCRA's requirements under 15 U.S.C. § 1681b(b)(3)(A), "the applicant must have enough time between the notice and the final decision to meaningfully contest or explain the contents of the report." *Magallon v. Robert Half Int'l, Inc.*, 311 F.R.D. 625, 634 (D. Or. 2015); *see, e.g., Brown v. Lowe's Companies, Inc.,* 52 F. Supp. 3d

749, 755 (W.D.N.C. 2014) (employer must give consumer a sufficient amount of time before it takes adverse action to afford consumer ability to rectify any inaccuracies in report).

41. Defendant Aeva willfully failed to comply with the requirements of § 1681b(b)(3)(A) of the FCRA when it failed to provided Plaintiff with a copy of the consumer report and a summary of his rights before taking adverse action against Plaintiff.  By taking adverse action against Plaintiff without first sending him a pre-adverse action notice informing him of his rights under the FCRA , Aeva deprived Plaintiff of a meaningful opportunity to dispute the contents of the Report and correct the inaccuracies in the Report before Aeva's adverse action.

42. Aeva's willful and reckless actions directly caused economic and emotional harm to Plaintiff, entitling Plaintiff to an award for actual damages, statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for:

   A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

   B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

   C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

   D. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

   E. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 9, 2021

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff